IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ROOSEVELT BARNES JR. | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 9:09cv68 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Roosevelt Barnes, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Barnes was convicted of possession with intent to deliver a controlled substance, receiving a sentence of 99 years in prison. He contends that his due process rights were violated when he did not receive credit for all of the time which he spent in jail, and asks that he be awarded 234 days of time credit on his sentence.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed that this is the second habeas corpus petition which Barnes filed concerning this same conviction, and stated that Barnes failed to show that he had received permission from the Fifth Circuit Court of Appeals to file a second or successive petition, as required by 28 U.S.C. §2244(b)(3). The Magistrate Judge therefore recommended that the petition be dismissed until such time as Barnes received permission to file a successive petition.

In his objections to the Magistrate Judge's Report, Barnes says that this is not a successive petition because his first petition challenged the conviction itself, while this petition challenges the

1

denial of time credits on his sentence. He argues that he could not have brought his present claim in the prior petition because the claims had not yet arisen; he appears to state that he is seeking the granting of time credits for time spent in jail under an indictment which was dismissed.

Barnes' objections are without merit. Although he refers to cause no.'s 17,646 and 17,789, he was only convicted under cause no. 17, 789; cause no. 17,646 is the one which Barnes says was dismissed. The amount of jail time credit which Barnes was given for the sentence that he actually received was set out in the judgment in cause no. 17, 789, and so when Barnes first sought habeas corpus relief regarding that conviction, he could have challenged the alleged failure to give the proper time credit at that time. In re Cain, 137 F.3d 234 (5th Cir. 1998) is inapplicable because in that case, the facts giving rise to the later petition did not exist at the time of the earlier one, and so the second one was not successive; here, by contrast, the facts giving rise to the claim - the allegedly incorrect amount of jail time awarded - existed at the time of the judgment, which is when the time credit was given. Barnes could have brought this claim in his first petition but did not, and so his second petition is successive for this reason.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling conditioned upon receipt of permission from the Fifth Circuit Court of Appeals to file a successive petition. Barnes may not refile this petition until such permission is obtained, and the dismissal of this petition shall have no effect upon his right to seek permission from the Fifth Circuit to file a successive petition. It is further

ORDERED that the Petitioner Roosevelt Barnes is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate refers only to an appeal of this cause and shall have no effect upon Barnes' right to seek permission to file a successive petition. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **21** day of **September, 2009.**

_____
Ron Clark, United States District Judge